# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06cr88 |
| | § | (Judge Schneider) |
| TERRY LYNN PYE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 19, 2011, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On December 5, 2006, Defendant was sentenced by the Honorable Michael H. Schneider to sixty (60) months' custody followed by three (3) years of supervised release for the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On October 12, 2010, Defendant completed his period of imprisonment and began service of his supervised term.

On August 1, 2011, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the court The petition asserted that Defendant violated the following standard condition: the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician. The petition

asserted that Defendant violated the following special condition: the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the allegations. The Court recommends that Defendant's supervised release be revoked.

## <u>RECOMMENDATION</u>

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months followed by supervised release of twenty-four (24) months. It is also recommended that Defendant be housed in the Fort Worth unit. The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment.

The defendant shall be required to repay delinquent child support at no less than ten percent of his gross monthly income or any amount determined by the Texas State Attorney General's Office if that agency has an active plan to collect this money.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing.

Defendant and the Government also waived their right to file objections.

**SIGNED this 22nd day of September, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE